IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HUGH ROYAL EPPS,**

    Plaintiff,

v.                                              Civil Action No. **3:09CV39**

**MICHAEL MOORE, *et al.*,**

    Defendants.

## MEMORANDUM OPINION

Hugh Royal Epps, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this Bivens[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

By Memorandum Order entered on February 22, 2010, the Court directed Plaintiff to particularize his complaint. Specifically, the Court directed Plaintiff that:

> The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual

paragraphs in the body of the particularized complaint that support
that assertion. Plaintiff shall also include a prayer for relief.

(Feb. 22, 2010 Mem. Order 2.) The Court informed Plaintiff that the particularized complaint would supplant the original complaint. Thereafter, the Court received the particularized complaint from Plaintiff.

In his Particularized Complaint Epps names as defendants the prosecuting attorney in his federal criminal case, Michael Moore; Drug Enforcement Agents James Oxford and Edward F. Carpenter; and Petersburg Narcotic Officer Christopher Hewitt. The Particularized Complaint contains four claims, each of which has a separate prayer for relief.

### Claim One Against Defendant Hewitt

In Claim One, Epps alleges that Defendant Hewitt lied to a magistrate judge in order to secure a search warrant of Epps's home.[2] Epps alleges that as a result of the search of his home, the Government pursued a superseding indictment, which charged Epps with possession of firearm by a convicted felon and conspiracy with intent to distribute five or more kilograms of cocaine hydrochloride and fifty grams of cocaine base. Epps alleges, "Mr. Hewitt wouldn't have lied to a magistrate judge to receive a search warrant and him given this to the Government. They wouldn't have any reason on superseding indicting me for these two count." (Part. Compl. 2.)[3] Epps contends his rights under the Fourth Amendment[4] were violated by the foregoing unlawful search of his home. Epps further asserts that he did not receive a copy of what the police seized from his home.

---

[2] According to Epps, when he was arrested on September 18, 2007 and found to be in possession of ninety grams of cocaine base, he was in the home of Michael Curry. Epps asserts that Defendant Hewitt stated to the magistrate judge the September 18, 2007 arrest occurred in Epps's home.

[3] The Court has corrected the capitalization and punctuation in the quotations to Epps's Particularized Complaint. The Court also has omitted the underlining from the quotations to the Particularized Complaint.

[4] That amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

3

> As a remedy for the foregoing violation, Epps requests:
>
> that Count Two conspiracy with the intent to distribute 5 kilo or more of cocaine hydochoride [sic] and 50 grams of cocaine base common known as "crack" be overturn and reduced to plain simple possession. I, Hugh Epps, be sentence to no more than 1 to 36 months, six months unsupervised probation, time serve, [enrolled] back in a drug program in Chesterfield or Petersburg, where I was charge. When finished, my record be clean and my civil rights be restore, but not my rights to a firearm.

(Part. Compl. 3.)

### Claim Two Against Defendants Moore and Carpenter

In Claim Two, Epps alleges that Defendant Carpenter committed perjury at Epps's criminal trial. According to Epps, Defendant Carpenter falsely testified that Epps told Carpenter that the crack belonged to Epps and the cocaine powder belonged to Michael Curry. Epps asserts that the

> 34.6 grams was place on me d[ue] to the fact that Mr. James Oxford . . . and Mr. Edward F. Carpenter, at a debriefing in Chesterfield County Police Station on October 19, 2007, they stated if I, Hugh Epps, didn't help them arrest individual that they are investigating in Petersburg, that they was going to charge me with the 34.6 grams of "crack" that was seized from Mr. Michael Curry and they did. I was find guilty on October 7, 2008.
>
> By doing this Mr. Edward F. Carpenter and Mr. James Oxford violated Hugh Epps'[s] Fifth Amendment[5] right by testifying that I told him that the 34.6 gram[s] of crack belong to me, which I didn't.

(Part. Compl. at 5.)

> Epps asks for the following relief with respect to this claim.
>
> I, Hugh Epps, pray that Count One possession with the intent to distribute[] 5 grams or more of cocaine base of hydrochoride [sic], common know as "crack," be overturn and reduced to simple possession. I, Hugh Epps, be sentenced to one to 36 months, six months unsupervised probation, a fin[e] no more than one thousand

---

[5]"No person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

4

dollar, [enrolled] in a drug program, and when finished, my record be
clean and my civil right be restored, but not my rights to a firearm.

(*Id.*)

### Claim Three Against Defendant Moore

On November 12, 2007, Epps was indicted on the charge of possession of five grams or more of cocaine base. According to Epps, because he refused to plead guilty to the above charge and help federal officials, the Government filed a superseding indictment and a notice of sentencing enhancement based upon a prior conviction. Epps asserts, "By doing this, Mr. Michael Moore violated Hugh Epps'[s] Sixth Amendment right[] to a fair trial by jury, which also [is] a violation of due process right to a speedy trial by jury."[6] (Part. Compl. 7.)

Epps asks for the following relief with respect to this claim:

> I, Hugh Epps, pray of relief that both counts of these drug[] charges be overturn and dismiss and reduced to simple possession, and the one hundred[] thousand dollar fin[e] be drop. I, Hugh Epps, be sentenced to one to 36 months time serve, six months unsupervised probation, [and] a fin[e] no more than one thousand[] dollar[s]. The Government return to me, Hugh Epps, my $22,000 dollars from my back injury su[it] which was seized.

(Part. Compl. 7.)[7]

### Claim Four Against Defendant Moore

In Claim Four, Epps asserts that Defendant Moore elicited false testimony from Michael Curry, a government witness, at Epps's criminal trial. Epps asserts that

---

[6] That amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ... and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[7] In Epps's criminal cases the Court ordered the forfeiture of $100,000.00. Order of Forfeiture at 1, *United States v. Epps*, 3:07cr420 (E.D. Va. filed Jan. 7, 2009). The Court directed that this amount should "be offset by the forfeiture of approximately $21,000.00 in a bank account of the defendant seized by the Chesterfield Police Department following his arrest." *Id.*

in exchange for Curry's lies, the Government agreed to give Curry favorable treatment at sentencing. Epps seeks the following relief with respect to this claim:

> that my charges be overturned and reduced to simple possession and the one hundred[] thousand[] dollar [fine] be drop. I, Hugh Royal Epps, be sentenced to one to thirty-six month time serve, six month unsupervised probation [and] a fin[e] no more than a thousand dollar. The government return my $22,000 from a back injury su[it], a vehicle of a 2007 Yukon, which I b[]ought from my su[it]. I [e]nroll in a drug program, when finished my record be clean, and my rights restore, but not my firearm rights.

(Part. Compl. 9.)

### Analysis

The basic premise behind Epps's complaint, that he can vacate or alter his criminal conviction and sentence through this civil lawsuit, is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases. In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The rationale in *Heck* and related cases applies with equal force to *Bivens* actions. *See Omar v Chasanow*, 318 F. App'x 188, 189 n.* (4th Cir. 2009) (*citing Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The

principal procedural defect complained of by the inmate-litigant in *Balisok* was a biased decisionmaker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decisionmaker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] prisoner's [civil rights] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

The first question this Court must ask is whether success on Epps's claims necessarily implies the invalidity of his current confinement. *Heck*, 512 U.S. at 487. That question is easily answered here because in each of his prayers for relief, Epps specifically requests invalidation of his current convictions and seeks a "speedier release into the community." *Wilkinson*, 544 U.S. at 82 (*citing Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974)). Epps cannot obtain the relief he seeks, alteration of his current convictions and sentence, without implying that the convictions and sentence are invalid. *Wilkinson*, 544 U.S. at 81 (emphasizing "the need to ensure that . . . prisoners use only habeas corpus (or similar . . . ) remedies when they seek to invalidate the duration of their confinement . . . *directly* through an injunction compelling speedier release"); *see also Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 461 (6th Cir. 2006) (concluding *Bivens* action that sought return of forfeited machine guns was barred by *Heck*). Because Epps has not had his federal convictions or sentence set aside as invalid, the present action is barred by *Heck* and related cases. Accordingly, it is RECOMMENDED that the action be DISMISSED WITHOUT PREJUDICE as legally frivolous.

(April 11, 2011 Report and Recommendation.) The Court advised Epps that he could file objections within fourteen (14) days of the date of entry thereof. On April 21, 2011, Epps filed a document which he titled a "Motion Requesting Punitive and Compensatory Damages." The Court deems the motion to be objections to the Report and Recommendation.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. EPPS'S OBJECTIONS

In his objections, Epps fails to identify any error in the Magistrate Judge's reasoning or analysis. Rather, Epps simply repeats his demand to have his sentence altered and requests that the Court award him monetary damages. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary (*citing United States v. Mertz*, 376 U.S. 192 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980))). Epps's objections will be OVERRULED. Epps's Motion Requesting Punitive and Compensatory Damages (Docket No. 41) will be DENIED.

The Report and Recommendation will be ACCEPTED AND ADOPTED. The action will be DISMISSED WITHOUT PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7-8-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge